UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>          Plaintiff,<br><br>     v.<br><br>KIRAN TOOR, JR., *et al.*,<br><br>          Defendants. | Case No. 1:19-cv-01257-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 5<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

      Plaintiff Michael McNeil is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff seeks injunctive relief against defendants and others. ECF No. 5. For the reasons discussed below, the court recommends denying plaintiff's motion.

      Plaintiff suffers from chronic pain that he argues could be cured by surgery. ECF No. 5 at 12. Starting in 2005, his pain was treated with opioid pain medicine. *Id.* However, he was taken off opioid medicine as part of a statewide policy to adopt guidelines for prescribing opioids that were released by the Center for Disease Control. *Id.* at 13. Plaintiff claims that the state has misinterpreted the CDC policy. *Id.* He seeks four forms of injunctive relief: (1) to prevent the implementation of the California Correctional Health Care Services' revised Pain Management

Guidelines, to the extent that they misinterpret the CDC guidelines; (2) for plaintiff to receive opioid pain medicine; (3) for plaintiff to have an appointment with a pain specialist or neurosurgeon; and (4) for plaintiff to undergo spinal imaging. *Id.* at 2-3.

**Discussion**

A federal district court may issue injunctive relief only if the court has both personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Rule 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule,

1   a permanent injunction will be granted when liability has been established . . . .").

2   The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

Plaintiff's motion for injunctive relief should be denied without prejudice.[1] A permanent injunction would be premature; there has been no final hearing on the merits. A temporary injunction would also be inappropriate; plaintiff has not established the elements necessary to obtain injunctive relief. His allegations are unsupported by evidence. Although plaintiff's case necessarily centers on medical information, his motion is not supported by any medical opinions. He provides no evidence that the injunctive relief he seeks is medically necessary or would prevent him harm. Plaintiff himself does not have the expertise to advise the court on this specialized subject. Thus, his motion does not establish that irreparable harm is likely. Relatedly, although plaintiff's allegations are serious and his complaint has been served, plaintiff has not met the requirement of showing that his claim is likely to succeed on the merits. Plaintiff also seeks a broad range of injunctive relief that does not meet the PLRA's requirement that relief be narrowly drawn.

**Findings and Recommendations**

Accordingly, I recommend that plaintiff's motion for injunctive relief, ECF No. 5, be

---

[1] Should plaintiff wish to file another motion for injunctive relief, he should do so after he has gathered evidence, through discovery or otherwise, that supports his motion and underlying claims. Plaintiff should also narrowly focus his request for injunctive relief as required by the PLRA.

denied without prejudice.  These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court.  If a party files objections, that party should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:     May 11, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.