UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>            Plaintiff,<br>v.<br><br>KIRAN TOOR, *Physician and Surgeon at Valley State Prison*,<br><br>PAL VIRK, *Chief Medical Officer/Physician/Surgeon at Valley State Prison*,<br><br>TIN-AUNG SHWE, *Physician & Surgeon at Valley State Prison*, and<br><br>HARMINDER LONGIA, *Physician & Surgeon at Valley State Prison,*<br><br>            Defendants. | No. 1:19-cv-01257-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE DISPOSITIVE MOTIONS<br><br>Doc. No. 35<br><br>**DISPOSITIVE DEADLINE: May 24, 2021** |

Pending before the Court is Plaintiff's motion seeking additional time to file dispositive motions.[1] (Doc. No. 35). Plaintiff states the ongoing pandemic has eliminated his access to the law library and thus limited his ability to conduct legal research and prepare his case. (*Id.* at 2-3).

---

[1] Plaintiff's motion is docketed as a "Motion for Stay and Abeyance." (Doc. No. 35). However, the motion's body makes clear Plaintiff seeks additional time to prepare dispositive motions. (*Id.* at 2-3).

1

Plaintiff requests "staying the proceedings" for 90 days. (*Id.*) The Court construes the motion as a request to extend the current dispositive motion deadline set forth in the April 13, 2020 Discovery and Scheduling Order (Doc. No. 16) for an additional 90 days. Defendants similarly interpret Plaintiff's motion as a motion for an extension of time to file dispositive deadlines and state they have no opposition to extending the deadline, albeit they calculate the deadline date differently. (Doc. No. 36).

Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect. Based on good cause shown, the Court grants Plaintiff's request to extend the deadline to file dispositive motions.

Also pending is Plaintiff's 352-page motion to compel filed September 4, 2020. (Doc. No. 25). Defendants filed a 52-page opposition to the motion with exhibits (Doc. No. 28) and Plaintiff filed a 126-page reply (Doc. No. 30). Prior to ruling on the pending discovery dispute, the Court will require the parties to telephonically meet and confer to try to narrow the discovery issues in dispute. If the parties are not able to fully resolve the discovery dispute, the parties shall file a joint statement outlining the discovery issues in dispute as set forth below. After review of the joint statement, the court will schedule this matter for a telephonic discovery and status conference.

Accordingly, it is now **ORDERED**:

1. Plaintiff's Motion for Stay and Abeyance, construed as a motion for an extension of time (Doc. No. 35), is **GRANTED to the extent** the Court modifies the Discovery and Scheduling Order (Doc. No. 31) to reflect the **dispositive deadline is May 24, 2021**.

2. The parties shall telephonically meet and confer in good faith to attempt to resolve the outstanding discovery dispute no later than February 17, 2021. If the parties resolve their discovery disputes, they shall file a notice with the Court. If the parties are not

able to resolve their discovery dispute, they shall file a joint statement, not to exceed six pages (three pages per party), outlining their discovery disputes no later than February 24, 2021.  Not more than six pages in exhibits (three pages per party) may be attached to the joint statement.  Upon review of the joint statement, the Court will schedule this matter for a telephonic discovery and status conference.

IT IS SO ORDERED.

Dated:     February 3, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE