UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>                    Plaintiff,<br><br>          v.<br><br>KIRAN TOOR, *et al*.,<br><br>                    Defendants. | Case No.  1:19-cv-01257-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. No. 25) |

Pending before the Court is Plaintiff's motion to compel filed September 4, 2020.  (Doc. No. 25).  The Court previously ordered the parties to meet and confer to try to narrow the disputed discovery issues raised in Plaintiff's motion and file a joint report.  (Doc. No. 37).  On February 24, 2021, the parties filed a joint statement advising the Court that the "discovery issues ha[d] been resolved" and Defendants would provide Plaintiff with the agreed discovery within 30 days.[1]  (Doc. No. 39).   On April 6, 2021, Plaintiff filed a notice with the Court advising that Defendants had failed to provide the agreed documents.  (Doc. No. 40).  After being directed to respond, Defendants advise that they sent the additional agreed discovery to Plaintiff on May 28, 2021 and June 7, 2021 and aver Plaintiff has now received "all of the documents that were subject

---

[1] Plaintiff's motion to compel was not termed nor withdrawn and remains pending.  (*See* docket).

1

to the parties' discovery dispute." (Doc. No. 45 at 2 ¶¶ 22-28). In reply, Plaintiff disputes he

received all agreed discovery. (Doc. No. 46). In particular, Plaintiff claims two documents

remain outstanding: (1) "Pain Management in Correction, Parts 1,2, and 3" and (2) the "number

of CDCR-602-HC Inmate Appeal[s] that were filed against defendants between January 2017 and

February 2019 regarding the issue of pain." (Doc. No. 46 at 3).

## APPLICABLE LAW AND ANALYSIS

### A. Rule 26 - Scope of discovery generally

> "[U]nless otherwise limited by court order, the scope of discovery
> is as follows: Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or defense
> and **proportional to the needs of the case**, considering the
> importance of the issues at stake in the action, the amount of
> controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden and expense of the proposed
> discovery outweighs the benefit. Information within the scope of
> discovery need not be admissible in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1) (emphasis added).

District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl.*

*Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Hunt v. County of Orange*, 672 F.3d 606,

616 (9th Cir. 2012). The party seeking to compel discovery bears the burden of establishing his

request satisfies the relevancy requirements of Rule 26. *Bryant v. Ochoa*, No. 07-cv-200-JM

(PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). Once the relevancy requirement is

satisfied, "the party opposing discovery as the burden of showing that the discovery should be

prohibited, and the burden of clarifying, explaining or supporting its objections." *Id*.

### B. Rule 37 - Motions to Compel

A party propounding discovery may seek an order compelling disclosure when an

opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R.

Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated

as failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a

failure to object to discovery requests within the time period constitutes a waiver of any

objection." *Richmark Corp. v. Timber Falling Consultants*, 949 F.2d 1468, 1473 (9th Cir. 1992)

1    (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).  The moving party bears the

2    burden of demonstrating "actual and substantial prejudice from the denial of discovery."  *See*

3    *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

4        Defendants stipulated in the February 24, 2021 joint statement to "provide any and all

5    documents they have received on the subject of opioid medications for the period of January 2017

6    through February 2019."  (Doc. No. 39 at 2 ¶¶ 16-19).  Plaintiff represents that he received a copy

7    of "Pain Management Part 3 – Opioid Therapy" but was not provided "Pain Management in

8    Correction, Parts 1,2, and 3."  (Doc. No. 46 at 3 ¶¶ 11-15).  While it is not clear whether "Pain

9    Management in Correction, Parts 1,2, and 3" relates to opioid medication, the title suggests it

10   would be relevant to the issues involved in this litigation to the extent such a document by that

11   title exists.  The Court has "broad discretion to manage discovery" and will order Defendants to

12   produce these documents to the extent they have not already done so because Defendants

13   previously agreed to produce the documents and because the documents appear relevant to this

14   matter's claims.  *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d at 833.

15       Defendants likewise agreed in the February 24, 2021 joint statement to "provide the

16   number of complaints" from "January 2017 through February 2019" lodged against Defendants

17   for deliberate indifference.  (Doc. No. 39 at 2 ¶¶ 21-27).  Plaintiff contends he was not provided

18   that information.  (Doc. No. 46 at 3 ¶¶ 16-20).  Courts have recognized in § 1983 actions that

19   evidence of other misconduct by defendants may be used for purposes other than character

20   evidence, such as to show bias or a pattern or practice of unprofessional behavior.  *Taylor v.*

21   *O'Hanneson*, No. 11-CV-00538-LJO, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014);

22   *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005).  To the extent it has not

23   already been provided, the Court will order Defendants to provide Plaintiff a printout listing all

24   602 grievance appeals concerning the issuance of pain medication and involving deliberate

25   indifference that were filed against Defendants between January 2017 and February 2019.

26   Defendants should redact all inmate identifying information in compliance with the Health

27   Insurance Portability and Accountability Act.

28   ///

1        Accordingly, it is **ORDERED**:

2        Plaintiff's Motion to Compel (Doc. No. 25) is GRANTED to the extent set forth in this

3    Order.  Defendants shall produce the documents within **fourteen (14) days** of the date on this

4    Order.

5

6    Dated:    July 8, 2021

7                                HELENA M. BARCH-KUCHTA
                                 UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28