UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>    Plaintiff,<br><br>    v.<br><br>KIRAN TOOR, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01257-DAD-HBK<br><br>ORDER REFERRING CASE TO POSTSCREENING ADR AND STAY OF CASE FOR 60 DAYS |

Plaintiff Michael McNeil is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 1). As set forth in the screening order, the Court has found that Plaintiff's complaint states a medical deliberate indifference against defendants Toor, Virk, Shwe, and Longia. (Doc. No. 10). Defendants answered the complaint on April 10, 2020. (Doc. No. 15).

Defendants moved on May 24, 2021 to extend the dispositive motion deadline. (Doc. No. 41). The Court deferred ruling on that motion until outstanding discovery disputes were resolved. (Doc. No. 42). The discovery impasse was effectively resolved by the Court's Order entered this same day granting Plaintiff's motion to compel.

The Court refers all civil rights cases filed by *pro se* inmates to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter through settlement would save the parties the time and expense of litigating dispositive motions.  The Court therefore STAYS this action for 60 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference.  The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference.  However, if, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.   If either party opts out or the settlement is unsuccessful the Court will enter a modified scheduling order to file dispositive motions.

Accordingly, it is **ORDERED**:

1. This action is **STAYED for 60** days to allow the parties an opportunity to settle their dispute.  No pleadings or motions may be filed in this case during the stay.  The parties shall not engage in further discovery beyond Defendant's production of the documents specified in the Court's Order entered this same day granting Plaintiff's motion to compel (Doc. No. 25).

2. **Within 30 days** from the date of this Order, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable.  **If either party objects to a settlement conference the Court will set a new deadline to file dispositive motions.**

4. After expiration of the objection period, by separate Order, the Court will assign this matter to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

5. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

6. The Clerk of Court shall serve Deputy Attorneys General Kelli Marie Hammond and Steven Edward Vong, and Supervising Deputy Attorney General Lawrence Bragg, with a copy of Plaintiff's complaint (Doc No. 1); the Court's screening Order and (Doc No. 10) and this Order.

7. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

Dated: July 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE