UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KIRAN TOOR, PAL VIRK, TIN-AUNG SHWE, and HARMINDER LONGIA,<br><br>　　　　Defendants. | Case No.  1:19−cv−01257−DAD−HBK<br><br>ORDER STRIKING PLAINTIFF'S OPPOSITION FILINGS, DIRECTING RESUBMISSION OF OPPOSITION, AND DEEMING DEFENDANTS' EX PARTE REQUEST FOR EXTENSION TO FILE REPLY MOOT<br><br>(Doc. Nos.  57, 58, 59, 60, 61) |

Pending before the Court is the Motion for Summary Judgment filed by Defendants Kiran Toor, Pal Virk, Tin-Aung Shwe, and Harminder Longia ("Defendants") on November 10, 2021. (Doc. No. 53, "MSJ"). On January 5, 2022, purportedly in opposition to the MSJ, the Court received several filings from Plaintiff Michael McNeil ("Plaintiff" or "McNeil"). (Doc. Nos. 58-60). On January 11, 2022, Defendants sought an extension of time to file a reply due to Plaintiff's voluminous filings. (Doc. No. 61).

**ORGANIZATION OF PLAINTIFF'S FILINGS**

Plaintiff's combined filings exceed over 1000 pages. Plaintiff's Request for Judicial Notice (Doc. No. 57, "RJN") appears intact. Plaintiff's other filings appear to have been dissembled at some point. The cover page to Plaintiff's Separate Statement is Doc. No. 58 at 1, but the substance of the statement does not appear until Doc. No. 58 at 56-67. After that follows, what appears to be, Plaintiff's Memorandum (Doc. No. 58 at 68-90), Plaintiff's Declaration (*id.* at

1  91-112), and a number of exhibits.  The remainder of Doc. Nos. 58, 59, and 60 appear to be

2  Plaintiff's other supporting exhibits, but they are not in order.

3  Plaintiff will be directed to resubmit each of the following: (1) separate statement; (2)

4  memorandum; (3) declaration and supporting exhibits; and (4) RJN and exhibits.  He should

5  ensure that each document, and each individual exhibit, is separately bound so that the Clerk's

6  office can file them appropriately.   In preparing his opposition, as the non-moving party, Plaintiff

7  is required to provide affidavits, and/or admissible discovery material demonstrating a factual

8  dispute exists.  Fed. R. Civ. P. 56(c).  Summary judgment cannot be avoided by making

9  conclusory allegations unsupported by factual data.  *Arpin v. Santa Clara Valley Transportation*

10  *Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

11  1989)).  Local Rule 260(b) requires that the party opposing summary judgment "reproduce the

12  itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and

13  deny those that are disputed, including with each denial a citation to the particular portions of any

14  pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in

15  support of that denial."

**RESUBMISSION OF PLAINTIFF'S FILINGS**

17  As Plaintiff reviews his filings, he should consider whether some of his evidence has

18  already been submitted by Defendants.  If the evidence is already in the record, Plaintiff should

19  not resubmit it.  Instead, his memorandum and separate statement should simply refer to

20  Defendants' exhibit and page number.  The Court appreciates efforts to minimize duplication.

21  Plaintiff should also consider what evidence is actually necessary to support his RJN and

22  opposition.  Only evidence specifically referred to (by exhibit and page number) in Plaintiff's

23  separate statement, memorandum, and/or RJN will be considered.  *See, e.g., S. Cal. Gas Co. v.*

24  *City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) (citing *Forsberg v. Pac. Northwest Bell Tel.*

25  *Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record

26  to find some reason to deny a motion for summary judgment.")).

27  Additionally, in reviewing his RJN, Plaintiff may consider whether each of the matters are

28  proper subjects of judicial notice.  While the Court may be able to take judicial notice that certain

statements were made, for example, it generally cannot take judicial notice of the interpretation of a document or of the truth of statements in a document such as a letter or news article. *See, e.g., Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015). The Court also notes that RJNs are generally accompanied by a declaration that authenticates the materials submitted. *See* Fed. R. Evid. 901.

Accordingly, it is **ORDERED:**

(1) The Clerk is directed to strike Doc. Nos. 57, 58, 59, and 60 and return the filings to Plaintiff for his use in preparing his opposition, as appropriate;

(2) Within 60 days of receipt of the stricken documents (Doc. Nos. 57, 58, 59, and 60), Plaintiff shall refile and reassemble his opposition and include only those documents or amended versions of those documents, as necessary;

(3) Defendants' ex parte request for extension of time to file reply (Doc. No. 61) is deemed moot.

Dated:  January 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE