UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>Plaintiff,<br><br>v.<br><br>KIRAN TOOR, PAL VIRK, TIN-AUNG SHWE, HARMINDER LONGIA,<br><br>Defendants. | Case No.  1:19-cv-01257-ADA-HBK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE<br><br>(Doc. No. 76)<br><br>ORDER DIRECTING CLERK TO STRIKE PLAINTIFF'S IMPROPER PLEADINGS<br><br>(Doc. Nos. 75, 78) |

Pending before the Court is Defendants' motion filed April 28, 2022.  (Doc. No. 76, Motion).  Defendant requests the Court to strike pro se Plaintiff's request for judicial notice filed on April 21, 2022 as an improper surreply or deny the request for judicial notice because the matters are not properly subject to judicial notice.  (*Id*.).  Plaintiff filed an opposition and Defendants filed a reply.  (Doc. Nos. 77, 79).  The Court grants the Motion.

Defendants filed a motion for summary judgment in this action on November 10, 2021. (Doc. No. 53).  After receiving an extension, Plaintiff filed a request for judicial notice and an opposition to the motion for summary judgment on January 24, 2022.  (Doc. Nos. 63-64).  After being granted an extension of time, Defendants filed their reply on March 25, 2022.  (Doc. No. 72).  On March 30, 2022, Defendants filed a notice of errata pertaining to their reply to Plaintiff's

response to Defendants' undisputed facts.  (Doc. No. 73).  Plaintiff subsequently filed a second request for judicial on April 21, 2022.  (Doc. No. 75).  Plaintiff requests that the Court take judicial of the following facts:

> (1) The Centers for Disease Control and Prevention (CDC) is weighing new opioid prescribing guidelines amid controversy over old ones; and
>
> (2)  The previous advice on opioids, issued in 2016, has been widely blamed for leading to harmful consequences for patients with chronic pain, as reported by an Associated Press reporter and an article in National Public Radio (NPR) Health News.

(*Id*. at 1).  Plaintiff then delineates five additional facts presumably gleaned from an April 9, 2022 article that Plaintiff attaches to his request.  (*Id*. at 2-18).

First, neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply after a reply.  *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure).  While courts are required to provide pro se litigants leniency, the court generally views motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown.  *Id.*  (citations omitted).

Further, this Court's Local Rules provides that "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval" except a party may file (1)  "Objection to Reply Evidence" stating "its objections to the new evidence" or (2) "Notice of Supplemental Authority" to "bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed."  Local Rule 230(m)(1)-(2). Plaintiff's request for judicial notice can neither be construed as an objection or supplemental authority.  Despite Plaintiff's pro se status, he is required to comply with the Court's rules. *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997).  Federal Rule of Civil Procedure 12(f) authorizes the court to strike any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Consequently, the Court finds Plaintiff's request for judicial notice filed on April 21, 2022 was improperly filed without

1    Court approval and should be stricken.  For the same reasons, Plaintiff's third request for judicial

2    notice filed on May 10, 2022 (Doc. No. 78) should also be stricken.

3           In the alternative, the matters to which Plaintiff request the Court take judicial notice are

4    not properly the subject for judicial notice.  Federal Rule of Evidence 201 permits a court to take

5    judicial notice of facts that are "not subject to reasonable dispute" because they are either

6    "generally known within the trial court's territorial jurisdiction," or they "can be accurately and

7    readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

8    Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party.  Fed.

9    R. Evid. 201(c).  In his April 21, 2022 pleading, Plaintiff seeks requests the Court to take judicial

10   notice of facts from an article or content from the NPR website.  When a document is subject to

11   varying interpretations, then facts are "subject to reasonable dispute" and are not properly subject

12   to judicial notice.  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1000 (9th Cir. 2018).  Further

13   while "[a] court may take judicial notice of the existence of matters of public record" the court

14   may not take judicial notice of "the truth of the facts cited therein."  *Marsh v. San Diego County*,

15   432 F.Supp.2d 1035, 1043 (S.D. Cal. May 5, 2006) (citing *Lee v. City of Los Angeles*, 250 F.3d

16   668, 689-690 (9th Circ. 2001) (other citation omitted).

17          ACCORDINGLY, it is hereby **ORDERED**:

18          Defendants' motion (Doc. No. 76) is GRANTED, and the Clerk of Court shall strike

19   Plaintiff's improperly filed pleadings (Doc. Nos. 75, 78) from the docket.

20

21   Dated:    August 29, 2023

22                                                    HELENA M. BARCH-KUCHTA
                                                     UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

                                                    3